Filed 12/15/15  P. v. Chacon CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B263080 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. KA106696) |
| v. | |
| LARRY LOUIE CHACON, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Wade D. Olson, Temporary Judge.  Affirmed.

Larry Louie Chacon, in pro. per.; Janet J. Gray, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

# FACTUAL AND PROCEDURAL BACKGROUND

The People charged Larry Louie Chacon with one count of driving or taking a motor vehicle in violation of Vehicle Code section 10851, subdivision (a), and driving on a suspended license in violation of Vehicle Code section 14601.2, subdivision (a). The People alleged Chacon had suffered four serious or violent felony convictions within the meaning of the three strikes law (Pen. Code, §§ 667, subds. (b)-(j), 1170.12).

Chacon waived arraignment and entered a negotiated plea of no contest to taking or driving a motor vehicle and admitted one prior strike conviction for robbery. In accordance with the plea agreement, the trial court sentenced Chacon to an aggregate state prison term of 32 months, consisting of the 16-month lower term doubled under the three strikes law.[1] The trial court imposed statutory fines, fees, and assessments and awarded Chacon 458 days of presentence custody credit (229 actual days and 229 days of conduct credit).

At the time Chacon entered his plea, the court advised Chacon of his constitutional rights and the nature and consequences of the plea, which Chacon stated he understood. Counsel for Chacon joined in the waivers of Chacon's constitutional rights and stipulated to a factual basis for the plea. The trial court found a factual basis for the plea and that Chacon's waivers and plea were voluntary, knowing, and intelligent.

Chacon filed a timely notice of appeal in which he appeared to challenge the 15 percent limitation on custody credits under Penal Code section 2933.1 for inmates who have been convicted of violent felonies listed in Penal Code section 667.5. Chacon did not obtain a certificate of probable cause.

---

[1] At the plea hearing, the trial court granted Chacon's request to serve his custody time in county jail. At the sentencing hearing, however, Chacon asked the court to send him to state prison.

## DISCUSSION

We appointed counsel to represent Chacon on appeal. After an examination of the record, counsel filed an opening brief raising no issues. On August 11, 2015 we advised Chacon he had 30 days to submit any contentions or issues he wanted us to consider. We have not received a response.

Taking and driving a vehicle in violation of Penal Code section 10851, subdivision (a), is not a violent felony under Penal Code section 667.5, and the trial court properly did not impose a 15 percent limitation on Chacon's custody credits. The court calculated that, because Chacon had been in custody from July 5, 2014 to February 18, 2015, the day of sentencing, he was entitled to 229 days of credit for actual days in custody and 229 days of conduct credit. With respect to any other potential sentencing or post-plea issues that do not challenge the validity of the plea (see Cal. Rules of Court, rule 8.304(b)(1)), we have examined the record and are satisfied appellate counsel for Chacon has fully complied with her responsibilities and there are no arguable issues. (See *Smith v. Robbins* (2000) 528 U.S. 259, 277-284 [120 S.Ct. 746, 145 L.Ed.2d 756]; *People v. Kelly* (2006) 40 Cal.4th 106, 117-119*; People v. Wende* (1979) 25 Cal.3d 436, 441.)

## DISPOSITION

The judgment is affirmed.

SEGAL, J.

We concur:

PERLUSS, P. J.                                    BLUMENFELD, J[*]

---

[*]Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.